1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REABERT C. GILCHRIST,

            Petitioner,

  vs.

KEVIN CHAPPELL, Warden,

          Respondent.

_____/

No. C 13-00486 YGR (PR)

**ORDER DENYING MOTION TO
DISMISS PETITION AS UNTIMELY;
AND SETTING BRIEFING SCHEDULE**

## INTRODUCTION

Petitioner Reabert C. Gilchrist, a state prisoner incarcerated at San Quentin State Prison,
filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is
Respondent's motion to dismiss ("MTD") the instant petition as untimely under 28 U.S.C. § 2244(d)
-- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA").

Having considered all of the papers filed by the parties, the Court DENIES Respondent's
motion to dismiss the petition as untimely without prejudice to renewing the motion and addressing
the equitable tolling issue outlined below.

## BACKGROUND

In 2005, Petitioner was convicted by a jury in the Napa County Superior Court of assault
with a firearm.  (MTD, Ex. A.)  The jury also found true the special allegations that Petitioner
personally used a firearm in the commission of the assault and that he inflicted great bodily injury on
the victim.  (*Id.*)  The trial court sentenced Petitioner to a term of ten years in state prison.  (*Id.*)

On January 30, 2007, the California Court of Appeal affirmed Petitioner's conviction.  (*Id.*)
Petitioner did not seek review of that decision in the California Supreme Court.

On February 27, 2008,[1] Petitioner filed a habeas petition in the California Supreme Court.

---

[1] The record does not include a copy of Petitioner's first supreme court petition showing the
date it was signed; therefore, the filing date is reflected as of the date it was stamped as "filed" on
February 27, 2008.

1   (MTD, Ex. B.)  On October 16, 2008, the state supreme court denied the petition.  (*Id.*)

2          Two years later, in 2011, Petitioner filed a habeas petition in the Napa County Superior

3   Court.  (Pet. at 6-A.)  On October 18, 2011, the state superior court denied the petition.  (*Id.*)

4          On November 16, 2011,[2] Petitioner filed a habeas petition in the California Court of Appeal.

5   (MTD, Ex. C.)  On December 1, 2011, the state appellate court denied the petition citing *In re Clark*,

6   5 Cal. 4th 750, 767-68 (1993) and stating "[t]he court will not consider untimely, repetitious, and

7   piecemeal applications for habeas corpus."  (*Id.*)

8          On January 27, 2012,[3] Petitioner filed a second habeas petition in the California Court of

9   Appeal.  (MTD, Ex. D.)  On February 2, 2012, the state appellate court denied the petition.  (*Id.*)

10         On February 29, 2012,[4] Petitioner filed a second habeas petition in the California Supreme

11  Court. (MTD, Ex. E.)  On June 20, 2012, the state supreme court denied the petition citing *In re*

12  *Robbins*, 18 Cal. 4th 770, 780 (1998) and *In re Clark*, 5 Cal. 4th at 767-69.  (MTD, Ex. F.)

13         On January 31, 2013,[5] Petitioner filed his federal habeas petition in this Court.  (Docket No.

14  1.)

15         On July 17, 2013, Respondent filed his motion to dismiss the petition as untimely.[6]  (Docket

16

17         [2]  The record does not include a copy of Petitioner's state appellate court petition showing the
18  date it was signed; therefore, the filing date is reflected as of the date it was stamped as "filed" on
    November 16, 2011.

19         [3]  Again, the record does not include a copy of Petitioner's second state appellate court
20  petition showing the date it was signed; therefore, the filing date is reflected as of the date it was
    stamped as "filed" on January 27, 2012.

21         [4]  A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison
22  authorities for mailing.  *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and
    remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state
23  habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing,
    rather than on the date it is received by the court).  Petitioner's second state supreme court petition
24  was signed on February 29, 2012.  (MTD, Ex. E.)  Petitioner signed his federal habeas petition on
    January 31, 2013.  (Docket No. 1.)  For the purposes of this discussion, the Court deems that the
25  aforementioned petitions were filed on those dates.

26         [5]  *See supra* note 4.

27         [6]  Petitioner claims that the motion to dismiss is untimely because Respondent failed to file it
    within the sixty-three-day time period set forth in the Court's March 19, 2013 Order to Show Cause.
28  (Opp'n at 2-6.)  Therefore, Petitioner argues that the affirmative defense of untimeliness has been
    waived.  (*Id.*)  Respondent states that the delay in filing his motion to dismiss was due to a mistake
    in calendering the due date.  (Reply at 2.)  He now requests an extension of time *nunc pro tunc* to

2

1   No. 7.)

2       On September 16, 2013, Petitioner filed his opposition.  (Docket No. 8.)

3       On September 24, 2013, Respondent filed his reply to the opposition.  (Docket No. 9.)

4                                            **DISCUSSION**

5   **I.     Legal Standard**

6       AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions

7   for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging

8   non-capital state convictions or sentences must be filed within one year of the latest date on which:

9   (1) the judgment became final after the conclusion of direct review or the time passed for seeking

10  direct review; (2) an impediment to filing an application created by unconstitutional state action was

11  removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

12  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made

13  retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been

14  discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).

15      The one-year period generally runs from "the date on which the judgment became final by

16  the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

17  § 2244(d)(1)(A).  AEDPA's one-year time limit, however, did not begin to run against any state

18  prisoner before the date of the Act's enactment.  *Calderon v. United States District Court (Beeler)*,

19  128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitations period to commence before

20  AEDPA's enactment would have an impermissible retroactive effect), *overruled in part on other*

21  *grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

22      A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner,

23  ordinarily must file his federal habeas petition within one year of the date his process of direct

24  review came to an end.  *See id*.  If a petitioner could have sought review by the state court of appeals

25  or the state supreme court, but did not, the limitation period will begin running against him the day

26  after the date on which the time to seek such review expired.  *Gonzalez v. Thaler*, 132 S. Ct. 641,

27  ─────────────────

28  July 17, 2013, the date the motion to dismiss was filed.  The Court GRANTS Respondent's request.
    Respondent is ADMONISHED, however, that if he fails to meet the Court's deadlines in the future,
    he may face sanctions.

United States District Court
For the Northern District of California

653-654 (2012); *see Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the appellate court filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

## II.    Analysis

In the present case, the limitations period started running on March 11, 2007 -- when Petitioner's sentence became final forty days after the California Court of Appeal issued its opinion on January 30, 2007. *See id*. Thus, Petitioner had one year from the time the limitations period started running -- or until March 11, 2008 -- to file his federal habeas petition, absent tolling. Petitioner did not file the present petition until January 31, 2013 -- almost five years after the limitations period had expired. The petition is therefore untimely *unless* Petitioner can show that he is entitled to tolling.

### A.    Statutory Tolling

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

In *Carey v. Saffold*, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in higher court. *See id.* at 220-25.

A state habeas petition filed *before the limitations period begins to run* tolls the limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). However, an application for state post-

**United States District Court**
For the Northern District of California

1   conviction or other collateral review filed *after the limitations period has ended* cannot toll the

2   limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d)

3   does not permit reinitiation of limitations period that has ended before state petition was filed, even

4   if state petition was timely filed).

5          Petitioner filed his first state habeas petition in the California Supreme Court on February 27,

6   2008, which is thirteen days before the limitations period would have expired on March 11, 2008.

7   Said differently, Petitioner let the limitations period run for a total of 353 days before he pursued

8   collateral review by filing that state supreme court petition. Therefore, Petitioner is entitled to

9   statutory tolling during the entire time his state supreme court petition was pending, which is

10  calculated from February 27, 2008 through October 16, 2008 (when the California Supreme Court

11  denied his first state habeas petition).

12         On October 17, 2008, the limitations period began running again, and Petitioner then had

13  only thirteen days -- or until October 30, 2008 -- to file his federal habeas petition. However,

14  Petitioner did not file a timely federal petition by the October 30, 2008 deadline. Instead, Petitioner

15  waited until 2011[7] -- more than two years after the limitations period expired on October 30, 2008 --

16  to continue pursuing collateral review by filing a state habeas petition in the Napa County Superior

17  Court. Therefore, his 2011 state superior court petition could not revive the expired limitations

18  period. *See Ferguson*, 321 F.3d at 823. Furthermore, Petitioner was not eligible for statutory tolling

19  during the time periods his other state habeas petitions were pending in the state appellate and

20  supreme courts because "[o]nce the limitations period is expired, collateral petitions can no longer

21  serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.

22  1998). Therefore, statutory tolling does not apply to Petitioner's petition.

23         Additionally, Respondent argues that Petitioner is not entitled to any tolling while his second

24  state habeas petition was pending in the state supreme court because it was denied as untimely.

25  (MTD at 3-4.) Respondent's argument is based on the state supreme court's denial, which cites to *In*

26  *re Clark* and *In re Robbins*. (*Id*.) These cases stand for the proposition that the petitions were

27

28          [7] The record does not indicate the exact date Petitioner filed his 2011 state superior court
    petition.

United States District Court
For the Northern District of California

1    untimely.  (*Id.*)  Accordingly, Respondent claims that Petitioner's filing of the second supreme court

2    petition did not extend the period of statutory tolling through June 20, 2012, when the California

3    Supreme Court denied it.[8]

4          A petitioner is not entitled to any statutory tolling for any petition denied by the state courts

5    as untimely because such a petition is considered "neither 'properly filed' nor 'pending'" in the state

6    courts within the meaning of 28 U.S.C. § 2244(d)(2).  *Thorson v. Palmer*, 479 F.3d 643, 645 (9th

7    Cir. 2007) (citing *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) *as amended by* 439 F.3d

8    993 (9th Cir. 2006), (citing *Pace*, 544 U.S. at 417)).  The Supreme Court has made clear that

9    "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for

10   purposes of § 2244(d)(2)."  *Pace*, 544 U.S. at 414.  In addition, the Supreme Court has held that a

11   citation to *In re Clark* and *In re Robbins* signals a habeas petition has been denied as untimely.

12   *Walker v. Martin*, 131 S. Ct. 1120, 1124 (2011).[9]

13         In *In re Clark*, the California Supreme Court held that "the general rule is still that, absent

14   justification for the failure to present all known claims in a single, timely petition for writ of habeas

15   corpus, successive and/or untimely petitions will be summarily denied."  5 Cal. 4th at 797.  The

16   lengthy opinion primarily discusses the standards for applying, as well as the exceptions to, the

17   procedural bars against successive and/or untimely petitions.  *Id*.  The California Supreme Court

18   concluded that the petitioner's "unjustified delay in presenting his claims bar[red] consideration of

19   the merits of the petition."  *Id.* at 759.  The opinion also discusses other limitations on collateral

20   attack in the state courts.  *See id.* at 763-76.

21         In *Thorson*, the California Supreme Court summarily denied Thorson's habeas petition with a

22   citation to *In re Robbins*.  The Ninth Circuit held that the California Supreme Court had "clearly

23

24         [8] The Court notes that the state appellate court's December 1, 2011 denial also cites to *In re Clark*, 5 Cal. 4th at 767-68; however, Respondent does not make reference to this in his argument.

25   In any event, the Court has found above that Petitioner was not eligible for statutory tolling during the time period his state appellate court petition was pending because the limitations period had

26   already expired.  *See supra* at 5 (citing *Rashid*, 991 F. Supp. at 259).

27         [9]  In California, a state habeas petitioner who "belatedly presents a collateral attack . . .

28   [must] explain the delay in raising the question."  *In re Swain*, 34 Cal. 2d 300, 302 (1949).  The rule in *In re Swain* "is commonly referred to as the 'untimeliness' bar."  *Washington v. Cambra*, 208 F.3d 832, 833 (9th Cir. 2000).

1   rejected Thorson's habeas petition as untimely" by citing *In re Robbins*, 18 Cal. 4th at 780, because

2   the court's summary order cited the very page of *In re Robbins* that sets forth the basic analytical

3   framework governing California's timeliness determinations in habeas corpus proceedings.

4         In *Bonner*, the state superior court explained that it was denying Bonner's petition because,

5   among other reasons, Bonner had either made the same claims in his earlier petition or could have

6   done so, and that there was no reason stated for any delay in this regard.  425 F.3d at 1148.  The

7   Ninth Circuit held that "it is clear that the [state superior] court was denying Bonner's petition as

8   untimely."  *Id.*  The Ninth Circuit further noted that the superior court's language tracked California's

9   requirement that, to avoid the state's timeliness bar, "a petitioner bears the burden of establishing:

10   (i) the absence of substantial delay, (ii) good cause for such delay, or (iii) that his claims fall within

11   one of four exceptions to such bar."  *Id.*  The record showed that Bonner had waited over four years

12   to file his second petition.  *Id.*  The Ninth Circuit found that because California courts have deemed

13   shorter periods substantial delay,[10] Bonner had to establish good cause of his four-year delay.  *Id.*

14   "When the court noted that Bonner had asserted no reason for his delay, then, the court was

15   explaining that he had not met his burden of establishing good cause."  *Id.*

16         In the present case, California Supreme Court denied Petitioner's second state supreme court

17   petition citing *In re Clark* and *In re Robbins*.  As mentioned above, the *In re Clark* opinion discusses

18   the procedural bars against both successive and/or untimely state habeas petitions.  5 Cal. 4th at 759.

19   Like in *Thorson*, the state supreme court's denial cited the specific pages in the *In re Robbins*

20   opinion indicating that it was based on untimeliness grounds.  The Supreme Court has held that a

21   citation to *In re Clark* and *In re Robbins* signals a habeas petition has been denied as untimely.

22   *Walker*, 131 S. Ct. at 1124.  In addition, the Ninth Circuit has held that *In re Clark* deals specifically

23   with the state procedural bar of untimeliness.  *See Lakey v. Hickman,* 633 F.3d 782, 786 (9th Cir.

24   2011) (citing *Park v. California*, 202 F.3d 1146, 1152 n.3 (9th Cir. 2000)).  Moreover, this Court

25   finds, as in *Bonner*, that the denial must have been based on untimeliness grounds because

26   Petitioner's delay was substantial.  As explained above, Petitioner filed his first state supreme court

27

28        [10] *Bonner*, 425 F.3d at n.15 (citing *In re Sanders*, 21 Cal. 4th 697 (1999) (three years delay); *In re Gallego*, 18 Cal.4th 825 (1998) (three years, nine months delay)).

United States District Court
For the Northern District of California

1   petition in 2008, and he waited four years -- or until 2012 -- before filing his second state supreme

2   court petition. Petitioner's four-year delay is equivalent to Bonner's four-year delay. *See Bonner*,

3   425 F.3d at 1148. Petitioner therefore had to establish good cause of his four-year delay. Like

4   Bonner, Petitioner had either made the same claims in his first state supreme court petition, or could

5   have done so, but there is no evident reason for any delay in this regard. Thus, Petitioner could not

6   have met his burden of establishing good cause. Absent good cause, the state's untimeliness bar

7   applied to him. Because the state supreme court denied the second state supreme court petition as

8   untimely, that petition was not "properly filed" under AEDPA. Therefore, Petitioner is not entitled

9   to statutory tolling with respect to this petition.

10          In sum, Petitioner is only entitled to statutory tolling during the time period his first state

11   supreme court petition was pending in the California Supreme Court. Accordingly, the limitations

12   period was tolled from February 27, 2008 through October 16, 2008. The limitations period then

13   began to run again on October 17, 2008. Petitioner then had only thirteen days -- or until October

14   30, 2008 -- to file his federal habeas petition, but he failed to do so.

15          With respect to Petitioner's second state supreme court petition, it can be said that the

16   California Supreme Court "clearly ruled" it was "untimely." *Pace*, 544 U.S. at 414 (quoting *Carey*,

17   536 U.S. at 226). Therefore, Petitioner is not entitled to statutory tolling as to this petition because it

18   is considered "neither 'properly filed' nor 'pending'" in the state court within the meaning of 28

19   U.S.C. § 2244(d)(2). *Thorson*, 479 F.3d at 645. Because Petitioner is not eligible for further

20   statutory tolling, the one-year limitations period expired on October 30, 2008. Petitioner did not file

21   the present petition until January 31, 2013 -- more than four years after the limitations period

22   expired. Accordingly, even though he is entitled to some statutory tolling, Petitioner did not meet

23   the one-year requirement for filing the instant federal habeas petition. His petition is barred as

24   untimely unless he can show that he is entitled to equitable tolling of the limitations period.

25          **B.      Equitable Tolling**

26          The Supreme Court has determined that AEDPA's statute of limitations is subject to

27   equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560

28   (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to

8

1   file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v.*

2   *Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases

3   because extensions of time should be granted only if "'extraordinary circumstances' beyond a

4   prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation

5   and internal quotation marks omitted). The prisoner must show that "the 'extraordinary

6   circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.

7   2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable

8   tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights

9   diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing.

10  *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v. Garcia*, 448 F.3d

11  1150, 1153 (9th Cir. 2006). The petitioner bears the burden of showing that this "extraordinary

12  exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

13         Petitioner argues that he is entitled to equitable tolling, because he claims he is a sixty-six-

14  year-old who suffers from physical ailments that impeded him from filing a timely federal habeas

15  petition. (Opp'n at 6-8.) Specifically, Petitioner claims that he is entitled to equitable tolling from

16  August 2008 through June 2011 because he had back surgery for a ruptured disc, and from October

17  2012 through April 2013 because he had knee surgery to repair a torn meniscus and cartilage. (*Id.*)

18  In addition, Petitioner claims he "has never experienced incarceration in state prison and had no

19  knowledge of any AEDPA statute of limitations." (*Id.* at 7.)

20         First, a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary

21  circumstance warranting equitable tolling. *Rasberry*, 448 F.3d at 1154; *cf. Hughes v. Idaho State*

22  *Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner not sufficient

23  cause to avoid procedural bar); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998) (*pro*

24  *se* status during state habeas proceedings did not justify equitable tolling); *United States v. Flores*,

25  981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training not

26  external factors excusing abuse of the writ). Nor do "ordinary prison limitations on . . . access to the

27  law library and copier" constitute extraordinary circumstances or make it impossible to file on time.

28  *Ramirez*, 571 F.3d at 998; *see, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per

**United States District Court**
For the Northern District of California

1   curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance

2   on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary

3   circumstances "given the vicissitudes of prison life").  Therefore, the Court finds unavailing

4   Petitioner's argument that he is entitled to equitable tolling based on his ignorance of the law.

5          Second, in assessing an equitable tolling claim based on physical ailments or mental

6   incompetency, the Court must take care not to deny a motion for equitable tolling before a sufficient

7   record can be developed.

8          In *Laws v. Lamarque*, the Ninth Circuit reversed the district court's order granting a motion

9   to dismiss because it failed to develop the record in response to Laws's claim of mental

10  incompetency.  351 F.3d 919, 924 (9th Cir. 2003).  At the time the district court dismissed the

11  petition, the record showed that a divided panel of psychiatric experts had concluded that Laws was

12  competent at the time of his trial.  However, the record did not contain any medical records from the

13  period for which equitable tolling was requested.  *Id.* at 923.  Further, the respondent had not

14  provided any evidence to rebut Laws's assertion that he was "deprived . . . of any kind of

15  cons[ci]ousness." *Id.* at 924.  The Ninth Circuit determined that a district court should not require

16  the petitioner to "carry a burden of persuasion" at the time he asserts equitable tolling to merit

17  further investigation into the merits of his arguments for tolling.  *Id.*  Instead, Ninth Circuit cases

18  require only that there be "circumstances consistent with [the] petitioner's petition . . . under which

19  he would be entitled to . . . equitable tolling" to trigger further factual development of the record.  *Id.*

20  (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to

21  district court for development of facts concerning whether AEDPA materials were unavailable in the

22  prison law library and the legal significance of such a finding)).  The Ninth Circuit ultimately found

23  that the district court erred in granting judgment against Laws because, in light of the inadequate

24  record and unrebutted assertions before it, "[i]t [was] enough that Laws 'alleged mental competency'

25  in a verified pleading." *Laws*, 351 F.3d at 924 (citations omitted).  The court was careful to point

26  out, however, that "a petitioner's statement, even if sworn, need not convince a court that equitable

27  tolling is justified should countervailing evidence be introduced." *Id.*  Therefore, the Ninth Circuit

28  held that Laws was entitled to further factual development or an evidentiary hearing on the issue of

1   whether he was precluded from filing his petition by reason of mental impairment.  *Id.*

2          Thus, under *Laws*, a district court may not grant a motion to dismiss merely because a

3   petitioner fails to provide evidence beyond conclusory statements to support his claim for equitable

4   tolling.  Rather, the court may only dismiss a claim in the presence of a sufficiently developed

5   record containing "countervailing evidence" that rebuts a petitioner's claim.  *Id.*

6          Here, just like in *Laws*, the record does not include any medical reports during which

7   Petitioner claimed to have suffered from the aforementioned physical ailments.  Respondent argues

8   that "[m]ost physical disabilities are treatable, and with proper treatment many, if not most, sufferers

9   are capable of managing their own affairs."  (Reply at 3 (citations omitted).)  However, Respondent

10  does not offer any evidence that shows that Petitioner's physical ailments were being treated or that

11  he was, in fact, capable of managing his own affairs and filing his federal habeas petition.

12  Therefore, the record is not sufficiently developed for consideration because it lacks Petitioner's

13  complete medical reports relating to his physical ailments from the date his ailments started in

14  August 2008 through the filing date of his federal petition on January 31, 2013.  Further, Respondent

15  has not offered any countervailing evidence in the form of medical reports showing that Petitioner

16  did not suffer from physical ailments during the relevant time period (which prevented him from

17  filing his federal habeas petition).  Accordingly, based on the record before it, the Court cannot

18  determine whether Petitioner is entitled to equitable tolling due to his alleged physical ailments

19  during the relevant time period.  *Cf. Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (holding

20  district court did not abuse its discretion by denying petitioner evidentiary hearing, and finding that

21  he was not entitled to equitable tolling for mental impairment during period in which he was able to

22  file state habeas petitions raising the same arguments he presented in his federal habeas petition).

23         Under the circumstances, Respondent's motion to dismiss the petition as untimely (docket no.

24  7) is DENIED.  This denial is without prejudice to renewing this motion on the ground that

25  Petitioner did not suffer from physical ailments that caused the untimely filing of his federal petition,

26  and supporting such a motion with countervailing evidence that rebuts Petitioner's claim for

27  equitable tolling, including relevant authenticated medical reports.  If Respondent files a renewed

28  motion to dismiss addressing the aforementioned equitable tolling issue, Petitioner shall be given the

United States District Court
For the Northern District of California

11

**United States District Court**
For the Northern District of California

1  opportunity to file an opposition.  Petitioner is directed to counter Respondent's argument against

2  equitable tolling based on his physical ailments.  Finally, Respondent shall file a reply to Petitioner's

3  opposition.  The parties shall abide by the briefing schedule outlined below.

4                                                **CONCLUSION**

5           For the foregoing reasons, the Court orders as follows:

6           1.        The Court GRANTS Respondent's request for an extension of time to file his motion

7  to dismiss *nunc pro tunc* to July 17, 2013.  Respondent is ADMONISHED, however, that if he fails

8  to meet the Court's deadlines in the future, he may face sanctions.

9           2.        Respondent's motion to dismiss the petition as untimely (Docket No. 7) is DENIED

10  without prejudice to renewing the motion and addressing the equitable tolling issue set forth above

11  no later that **twenty-eight (28) days** of the date of this Order.  If Respondent chooses to file a

12  renewed motion, Petitioner shall file an opposition (also addressing the equitable tolling issue set

13  forth above), no later than **twenty-eight (28) days** of his receipt of the renewed motion, and

14  Respondent shall file with the Court and serve on Petitioner a reply no later than **fourteen (14) days**

15  of receipt of any opposition.

16          3.        Should Respondent fail to file a renewed motion to dismiss within the twenty-

17  eight-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be

18  granted.  Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60)**

19  **days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules

20  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

21  Respondent shall file with the Answer a copy of all portions of the state trial record that have been

22  transcribed previously and that are relevant to a determination of the issues presented by the petition.

23          4.        If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with

24  the Court and serving it on Respondent no later than  **sixty (60) days** of his receipt of the Answer.

25  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty**

26  **(60) days** after the date Petitioner is served with Respondent's Answer.

27          5.        It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court

28  informed of any change of address by filing a separate paper with the Clerk of the Court headed

**United States District Court**
For the Northern District of California

1  "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time

2  allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this

3  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

4  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5      6.    Petitioner is reminded that all communications with the Court, whether by way of

6  formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the

7  document to Respondent's counsel.

8      7.    Extensions of time are not favored, though reasonable extensions will be granted.

9  However, the party making a motion for an extension of time is not relieved from his or her duty to

10  comply with the deadlines set by the Court merely by having made a motion for an extension of

11  time.  The party making the motion must still meet the deadlines set by the Court until an order

12  addressing the motion for an extension of time is issued.  Any motion for an extension of time must

13  be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

14      8.    This Order terminates Docket No. 7.

15      IT IS SO ORDERED.

16  DATED:   February 12, 2014

17                                    YVONNE GONZALEZ ROGERS
                                      UNITED STATES DISTRICT COURT JUDGE